**FILED**

**April 26, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:40 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Patrick Riley,<br> Employee,<br><br>v.<br><br>Group Electric,<br> Employer. | ) Docket No. 2015-06-0886<br>)<br>)<br>) State File No. 48657-2015<br>)<br>)<br>) Judge Kenneth M. Switzer<br>) |

---

## COMPENSATION HEARING ORDER DENYING
## MOTION FOR SUMMARY JUDGMENT

---

This matter came before the Court on April 21, 2017, upon Group Electric's Motion for Summary Judgment filed under Rule 56 of the Tennessee Rules of Civil Procedure. The determinative legal issue is whether Group Electric is entitled to judgment as a matter of law. Due to significant deficiencies in Group Electric's motion—namely, its flawed factual recitation and its failure to support the motion with documentation in compliance with Rule 56—the Court holds that Group Electric is not entitled to summary judgment.

### History of Claim

As this Court has already benefitted from an interlocutory evidentiary hearing, it incorporates by reference the factual recitation within its Expedited Hearing Order. For purposes of this motion, the Court reiterates only the facts germane to the appropriateness of summary judgment.

Mr. Riley worked for Group Electric as a journeyman electrician. On June 8, 2015, Mr. Riley injured his left hand and wrist while installing wire at work. The following day, he went to the Summit Medical Center Emergency Room, where providers referred Mr. Riley for an orthopedic consult. Group Electric offered a panel of orthopedists, and Mr. Riley chose Dr. Rosa Stone. In the meantime, Mr. Riley saw providers at Concentra upon his supervisor's direction. He saw three different providers at three visits. One of these Concentra providers, Dr. Saritha Reddy, ordered an MRI. When Mr. Riley ultimately saw the authorized treating physician, Dr. Stone, notes from

1

this visit do not provide an opinion on causation. Although he underwent the MRI, he never reviewed the results with Dr. Stone because she later refused to treat him. Group Electric ultimately denied the claim.

In the Expedited Hearing Order, the Court found Mr. Riley a credible witness and rejected Group Electric's arguments that he was not injured on June 8, 2015. The Court reasoned that Mr. Riley's testimony, along with the histories at Concentra, supported this finding. The Court held Mr. Riley likely to prevail at a hearing on the merits that he suffered an injury by accident in the course of his employment and ordered Group Electric to provide another panel of orthopedists.

After the Appeals Board affirmed, Group Electric offered a panel of orthopedists, from which Mr. Riley selected Dr. Todd Wurth. It is unclear when Mr. Riley saw Dr. Wurth and the nature and extent of his treatment, as neither party filed these medical records with the Court. Group Electric attached to its summary judgment motion a three-page, single-spaced letter seeking Dr. Wurth's opinion on causation.[1] Group Electric's letter asserted, "[t]he Summit Emergency Room records directly conflict with the history you were provided" by Mr. Riley. Group Electric attached these records to its letter to Dr. Wurth, along with the records from the visit with Dr. Speake, where he questioned the correlation between Mr. Riley's "story of injury and exam." The letter then detailed notations within the medical records that this Court found unpersuasive in establishing the date and mechanism of injury at the Expedited Hearing. It does not appear that Group Electric provided copies of other medical records from Concentra, which contain the alternative account of how Mr. Riley became injured. Group Electric's letter then asked Dr. Wurth:

> As the medical records from June 9, 2015 reflect that Mr. Riley's pain began *three* days earlier and that Mr. Riley denied an injury had occurred, can you say to a reasonable degree of medical certainty that Mr. Riley's wrist condition primarily arose out of a June 8, 2015 workplace injury? (Emphasis in original.)

Dr. Wurth circled "no."

## Law and Analysis

The Court first addresses Group Electric's objection to Mr. Riley's response to the summary judgment motion on grounds of it being untimely filed. Group Electric also argued the response does not comply with Rule 56 of the Tennessee Rules of Civil

---

[1] The Court observes that this letter references a previous letter to Dr. Wurth dated November 1, 2016, which is not included in any filings with the court. Apparently, the November 1 letter also requested a causation opinion and might have contained additional background information.

Procedure because Mr. Riley did not support the factual allegations he disputes with citations to the record; rather, he offered varying factual assertions that are merely "personal statements" unsupported by affidavits. Mr. Riley, whose attempts to hire legal counsel have been unsuccessful, acknowledged he is held to the same standard as an attorney even though he represents himself.[2]

Rule 56.03 of the Tennessee Rules of Civil Procedure provides that a party opposing a motion for summary judgment must, no later than five days before the hearing, file a response to each statement of undisputed fact alleged by the moving party. Mr. Riley failed to comply with both the time parameters of Rule 56.03 and with the substance of his response. In light of this noncompliance, the Court declines to consider his response.

Turning now to Group Electric's written motion, Rule 56.03 requires it to be "accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." The Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior, in-person expedited hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

After weighing the evidence at the Expedited Hearing, the Court found Mr. Riley sustained an injury on June 8, rather than June 6. Yet, Group Electric's "Statement of Undisputed Facts" continues to emphasize notations in the medical records suggesting the injury occurred on June 6 as "facts." Group Electric relied on a causation letter that bases this conclusion on a factual assertion rejected at the Expedited Hearing.[3] Because Dr. Wurth's causation opinion depends on June 6 as the accurate date of injury, the causation question essentially asks Dr. Wurth to make a factual and credibility determination regarding the date of injury. These determinations are the province of this Court alone and not a medical expert.

Aside from these deficiencies, the Court further notes that Rule 56.04 states, "Subject to the moving party's compliance with Rule 56.03, the judgment sought shall be rendered forthwith if the pleadings, *depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,* show there is no genuine issue as to any material fact[.]" (Emphasis added.)

---

[2] "It is well-settled . . . that *pro se* litigants must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015).

[3] Notwithstanding this ruling, Group Electric may challenge the date of injury or any other issue previously determined at the Expedited Hearing at the final Compensation Hearing with the proper evidence as described later within this order.

3

Here, Group Electric submitted Dr. Wurth's opinion in the form of a letter rather than an affidavit or deposition testimony. The letter's reliability is suspect, because of the selective information Dr. Wurth relied upon in his response and the fact that the response is unsworn. The Tennessee Workers' Compensation Appeals Board recently expressed concern about a summary judgment motion supported by letters from physicians that "were not accompanied by an affidavit, were not attached to a deposition, were not attached to answers to interrogatories or admissions, and were not a part of a pleading as defined in Tennessee Rule of Civil procedure 7.01." *Thomas v. Zipp Express, et al.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11-12 (Mar. 15, 2017). The Appeals Board stopped short of addressing this failure because neither party raised as the issue on appeal. *Id.* at 12. However, in a concurring opinion, Judge Hensley noted that the Bureau's rules regarding the admissibility of causation letters state, "[a]t a compensation hearing, these letters or statements [addressing medical causation], even if in affidavit form may be excluded as appropriate through [a] valid objection made pursuant to the Tennessee Rules of Evidence." *Thomas, supra,* at *17 (Hensley, J., concurring). On this basis, Judge Hensley held the employer failed to comply with Tennessee Rule of Civil Procedure 56.03. Guided by both the majority and concurring opinions in *Zipp,* this Court holds that Group Electric's supporting documentation is insufficient based on Rule 56's requirements.

## IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Group Electric's motion for summary judgment is denied.

2. This matter is set for a Status Conference on **May 8, 2017, at 8:45 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call might result in a determination of the issues without your further participation.

**ENTERED this the 26th day of April, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order Denying Summary Judgment was sent to the following recipients by the following methods of service on this the 26th day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Patrick Riley, Employee | X | | X | hrdwirdelect@yahoo.com; 4001 Anderson Rd., Apt. O-36, Nashville TN 37217 |
| T. Ryan Malone, Employer's Attorney | | | X | ryan@petersonwhite.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5